# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2002 C 6807 | **DATE** | November 24, 2003 |
| **CASE TITLE** | Shree M. Agrawal (IDOC #K-69770) v. Kenneth R. Briley, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1)  | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2)  | ☐ | Brief in support of motion due _____. |
| (3)  | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4)  | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5)  | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6)  | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7)  | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8)  | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9)  | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss Plaintiff's RLUIPA claim [24-1] is denied. Plaintiff's motions for leave to file [39-1] and for ruling [41-1] are denied as moot. Within 30 days of the date of this order, Defendants shall answer the complaint and respond to Plaintiff's summary judgment motion [40-1], treating Plaintiff's citations to the amended complaint on p. 2 of the motion as Plaintiff's statement of material undisputed facts that entitle him to judgment under Rule 56(c). Plaintiff's amended complaint, made under penalty of perjury, suffices as an affidavit for purposes of Rule 56 to the extent Plaintiff has personal knowledge of the matters stated. *Ford v. Wilson*, 90 F.3d 245 (7th Cir. 1996). |
| (11) | ■ | For further detail see order attached to the original minute order. |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 25 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 45 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| KS | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| SHREE M. AGRAWAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 6807 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| KENNETH R. BRILEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shree M. Agrawal, a prisoner in the custody of the Illinois Department of Corrections (IDOC) at Menard Correctional Center, brought this pro se civil rights action under 42 U.S.C. § 1983, alleging that Defendants deprived him of rights guaranteed by the Constitution while he was confined at Stateville Correctional Center. Plaintiff claims that Defendants denied him his First Amendment right to practice his religion (Plaintiff is a Vaishnava Hindu) by refusing to provide him with a nutritious diet free of meat and eggs, even though a vegetarian diet conforming to Plaintiff's religious requirements was available to Stateville inmates who were members of the "Hebrew Israelite" faith. As a condition for obtaining a religiously acceptable diet, prison officials required Plaintiff to obtain a letter from his "church, mosque or clergy from a Hindu Temple" stating that he is a practicing Hindu and that a vegetarian diet is obligatory. No such verification was required of those claiming to be of the "Hebrew Israelite" faith.

In its initial review of the complaint pursuant to 28 U.S.C. § 1915A, the court found that Plaintiff had stated a claim under the First Amendment. See *Agrawal v. Briley*, No. 02 C 6807, 2003 WL 164225 (N.D. Ill. Jan. 22, 2003). Plaintiff's amended complaint, filed April 7, 2003, added a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, based on the same facts. Defendants have moved to dismiss this claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

## DISCUSSION

As noted, Plaintiff's amended complaint invokes RLUIPA, which prohibits the government from burdening religious exercise absent a compelling interest. Specifically, RLUIPA states:

(a) General rule

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

(b) Scope of application

This section applies in any case in which--

(1) the substantial burden is imposed in a program or activity that receives Federal financial assistance; or

(2) the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.

42 U.S.C. § 2000cc-1.

Defendants do not challenge RLUIPA's application to IDOC. Instead, they assert that Plaintiff has failed to state a claim because he "makes no specific claim or factual allegation as to how the Defendants specifically violated his rights under the statute," and the complaint "fails to attribute any specific actions to the Defendants as violations of RLUIPA." Def. Br. at 2-3. The court is uncertain what clarification Defendants believe is required. The amended complaint invokes RLUIPA and sets forth a plain statement of Plaintiff's claims under that statute: Denying Plaintiff a nutritious diet that he can consume while being faithful to his religious beliefs placed a substantial burden on the exercise of his religion.

Defendants next complain that Plaintiff "states no facts to support the proposition that there was no compelling interest or that the IDOC did not use the least restrictive means in furtherance

2

of a compelling interest." *Id.* at 3. Again, the court is unmoved. First, the court assumes that the "compelling governmental interest" and "least restrictive means" are affirmative defenses, for Defendants to plead and prove. Even if Plaintiff has the burden here, his allegations are sufficient to support an inference that no compelling state interest prevented Defendants from accommodating Plaintiff's religious needs; after all, Stateville already offered an appropriate diet to individuals of the Hebrew Israelite faith.

Nor is the court persuaded that Defendants are shielded by qualified immunity. Qualified immunity shields governmental officials performing discretionary functions from damage claims under 42 U.S.C. § 1983 unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A right is "clearly established" if its contours are "'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

In this court's view, a reasonable official would have known in early 2001 that the alleged conduct violated RLUIPA. Defendants correctly assert that at the time of the alleged violation the constitutionality of RLUIPA was in dispute, and only very recently did the Seventh Circuit uphold its constitutionality as an exercise of Congress's constitutional spending power. *Charles v. Verhagen*, No. 02-3572, ___ F.3d ___, 2003 WL 22455960 (7th Cir. Oct. 30, 2003). Nevertheless, the constitutionality disputes had nothing to do with RLUIPA's clarity or intelligibility. Qualified immunity does not shield officials who disobey the clear command of a federal statute because they have doubts, even well-founded ones, concerning its validity.

In any event, although at the time of the acts alleged in the complaint, RLUIPA had only recently been enacted by Congress, in a real sense it represented old law, not new. Congress enacted RLUIPA following the Supreme Court's decision in *City of Boerne v. Flores*, 521 U.S. 507 (1997), which struck down the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb to 2000bb-4, insofar as it applied to states and localities. RFRA, in turn, had represented

3

Congress's attempt to undo the Supreme Court's holding in *Employment Division v. Smith*, 494 U.S. 872 (1990), that laws of general applicability can be enforced against religiously motivated conduct without infringing the free exercise clause of the First Amendment. In enacting RFRA, Congress expressly referred to pre-*Smith* First Amendment jurisprudence, which accordingly provided guidance in interpreting RFRA. *See Mack v. O'Leary*, 80 F.3d 1175, 1178-79 (7th Cir. 1996). These opinions, and more recent ones applying RFRA (which continues to apply to the federal government) assist in clarifying any uncertainty as to the meaning of the core phrases "substantial burden" and "least restrictive means" that are also central to RLUIPA.

In *Mark*, the Seventh Circuit held that "a substantial burden on the free exercise of religion, within the meaning of [RFRA] is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs." *Id.* at 1179. Applying *Mack*'s formulation, or any other plausible formulation of the meaning of the phrase, Defendants would reasonably have known that they were placing a "substantial burden" on Plaintiff's exercise of his religion by making him choose between religious observance and adequate nutrition. In deciding this motion, the court is required to accept Plaintiff's allegations as true, including his allegation that adherents to the Hebrew Israelite faith were granted the diet he desires without presenting written verification of any kind. These allegations satisfy the court that no reasonable officer could have believed that imposing this requirement on Plaintiff represented the least restrictive means of accommodating a compelling governmental interest. Defendants' motion to dismiss Plaintiff's claim under RLUIPA is accordingly denied.

ENTER:

Dated: November 24, 2003

REBECCA R. PALLMEYER
United States District Judge

4